# In the United States Court of Federal Claims

VINCENZO TADDEO, et. al.,

         *Plaintiffs,*

v.

THE UNITED STATES,

         *Defendant*.

No. 23-399
(Filed: December 5, 2023)

**ORDER**

      Before the Court is the Motion for Notice to Similarly Situated Individuals (ECF 8) filed by Plaintiff Vincenzo Taddeo. The Government does not oppose the substance of the Motion.[1] The parties have agreed upon a proposed notice to be sent to eligible individuals (ECF 14).

      The most common approach to FLSA joinder proceeds in two steps. Under step one, "a court may 'conditionally certify' a collective action based on a 'modest factual showing' that the named plaintiffs are similarly situated to a group of absent individuals." *Valte v. United States*, 155 Fed. Cl. 561, 567 (2021) (quoting *Gayle v. United States,* 85 Fed. Cl. 72, 77 (2008)). Under step two, the government may seek to decertify the class action on the grounds on that the plaintiffs are not in fact similarly situated. *Id.*

      In certain cases, this Court has abandoned the language of "certification," conditional or otherwise, in favor of simply analyzing whether to issue court-approved notice to absent individuals. *See, e.g., id.* That is the case here: The parties have agreed to Court-issued notice without the conditional certification of a class. The Court will follow this approach as agreed on by the parties.

      The Court **GRANTS** Plaintiff's Motion for Notice to Similarly Situated Individuals and **APPROVES** the parties' proposed notice to all potential plaintiffs agreed upon by the parties. The Court also **APPROVES** the following procedures by which notice will be given to potential plaintiffs:

---

[1] The Government asks the Court to defer ruling on the Motion until it decides the Government's pending Motion for Judgment on the Pleadings (ECF 23). The Court has reviewed that motion, and in the interests of efficiency and fairness, declines to do so.

      1. Defendant will provide Plaintiff's counsel the names, email addresses, and postal addresses of potential plaintiffs within 10 days of the date the Court enters an order granting the Motion.

      2. Plaintiff's counsel will then promptly send the notice by email and first-class mail along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 60 days from the date the notice is mailed.  The email will contain only the Court-approved notice and no other language.  The subject line of the email will be "Legal Notice and Opportunity to Join Lawsuit."  The envelope sending the notice to postal addresses will contain only the Court-approved notice and will have printed on the outside "Legal Notice and Opportunity to Join Lawsuit."  To the extent the notice is undeliverable to potential plaintiffs' email or postal addresses, the parties will confer within no more than five business days of plaintiffs' counsel so notifying Government counsel.

      3. The agency will distribute the notice via the online system that it customarily uses to communicate with employees.

      4. Plaintiff's counsel may send a second notice by email and mail.  The second notice will be identical to the first notice, except that Plaintiff's counsel may update the number of plaintiffs in the case at the time the second notice is sent.  The second notice will be sent by first-class mail and email to potential plaintiffs from whom they have not received a consent form approximately 20 days before the deadline for receipt of consent forms.  Plaintiff will bear the cost of sending any second notice distribution, which will not be reimbursed by the United States.

      **IT IS SO ORDERED.**

                                               s/ Philip S. Hadji  
                                              Philip S. Hadji  
                                              Judge