# In the United States Court of Federal Claims

|  |  |
|---|---|
| **VINCENZO TADDEO**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**THE UNITED STATES,**<br><br>*Defendant.* | No. 23-399<br>(Filed: March 21, 2024)<br><br>Not for Publication |

*Daniel M. Rosenthal*, *Alice H. Hwang*, and *Charlotte H. Schwartz*, James & Hoffman, P.C., Washington, D.C., for Plaintiff. *Linda Lipsett*, Bernstein & Lipsett, P.C., Washington, D.C., of counsel.

*Alison S. Vicks*, Senior Trial Counsel, *Steven J. Gillingham*, Assistant Director, *Patricia M. McCarthy*, Director, Commercial Litigation Branch, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**HADJI**, *Judge*.

Plaintiffs, who are employees of the Federal Aviation Administration (FAA) bring this action alleging their wages were not paid on their regular pay day in violation of the Fair Labor Standards Act (FLSA). Am. Compl. ¶ 40, ECF 16. Before the Court is the Government's Motion for Judgment on the Pleadings pursuant to Court of Federal Claims Rule 12(c) for failure to state a claim upon which relief can be granted.[1] Mot. for J. on the Pleadings (Mot.), ECF 23. The Motion is fully briefed. ECF 23 (Mot.); ECF 32 (Resp.); ECF 29 (Reply). For the reasons stated below, the Court **DENIES** the Government's Motion.

## BACKGROUND

On March 22, 2023, Plaintiff Vincenzo Taddeo filed the Complaint in this matter on behalf of himself and all others similarly situated. Compl., ECF 1. Shortly thereafter, Taddeo filed an Amended Complaint that named Aaron Ross and David Thomas as

---

[1] Court of Federal Claims Rule 12(c) is the same as Federal Rule of Civil Procedure 12(c). *Compare* RCFC 12(c) *with* Fed. R. Civ. P. 12(c).

additional plaintiffs.[2] Am. Compl. In this collective action, Plaintiffs, who are all Air Traffic Control Specialists employed by the FAA, allege that the FAA willfully and wrongfully failed to timely pay their regular wages, shift differentials, and overtime pay in violation of the FLSA. *Id.* ¶¶ 2, 7-9, 31. Plaintiffs cite seven specific incidents in which the FAA did not pay employees on their regular pay day. *Id.* ¶¶ 15-25, 39-40. The incidents alleged are as follows:

> Incident #1. The first incident occurred on March 24, 2020, when the FAA failed to pay Taddeo approximately $1,876.00 in overtime or shift differentials owed under the FLSA, including overtime premiums, on the regular pay date. *Id.* ¶ 15. Plaintiffs represent that this incident impacted approximately 200 air traffic controllers who work for the FAA. *Id.* ¶ 16.
>
> Incident #2. The second incident involved the FAA's failure to pay Taddeo for 32 hours of work on his regular pay day, January 12, 2021, in the amount of $2,279.00. *Id.* ¶ 17.
>
> Incident #3. Incident three took place on July 13, 2021, when the FAA did not pay Taddeo $266.00 in overtime or shift differentials, including overtime premiums. *Id.* ¶ 18.
>
> Incident #4. The fourth incident was another regular pay day, August 10, 2021, on which the FAA did not pay Taddeo $241.00 for overtime or shift differentials, including overtime premiums. *Id.* ¶ 19.
>
> Incident #5. The fifth incident occurred on November 16, 2021, when the FAA did not pay Ross overtime or shift differentials, including overtime premiums owed under the FLSA, in the amount of $1,953.00. *Id.* ¶ 20.
>
> Incident #6. The sixth incident occurred when the FAA did not pay Taddeo or Thomas any overtime or shift differentials, including overtime premiums, on their regular pay day, November 29, 2022. *Id.* ¶ 21. Plaintiffs allege that Taddeo was supposed to be paid $2,683.00 and have not yet calculated the

---

[2] The Amended Complaint referred to herein is the second amended complaint filed by Plaintiffs. In addition to filing the amended complaints, Taddeo filed a Motion for Notice to Similarly Situated Individuals pursuant to FLSA Section 16(b) (ECF 8). Initially the Government did not oppose the Motion for Notice (ECF 14), however the Government later requested that the Court defer ruling on the Motion for Notice until after deciding the Motion for Judgment on the Pleadings (*See* ECF 24 at 1 n.1.). The Court declined to do so and granted the Motion for Notice on December 5, 2023 (ECF 24). Thereafter, Plaintiffs filed several Notices of Additional Party-Plaintiffs and Consent to Sue Forms (*see, e.g.*, ECF 33-51).

amount that Thomas was supposed to be paid. *Id.* ¶¶ 22-23. Plaintiffs represent that this incident impacted approximately thirty air traffic controllers at the FAA. *Id.* ¶ 24.

Incident #7. The seventh incident took place on February 21, 2023, when Plaintiffs claim that the FAA failed to pay Taddeo, Thomas, or Ross overtime or shift differentials for their work during the relevant pay period, including overtime premiums owed under the FLSA. *Id.* ¶ 25. The alleged total amount unpaid to Taddeo is $3,047.00. *Id.* ¶ 26. The alleged total amount unpaid to Ross is approximately $1,611.00. *Id.* ¶ 27. Plaintiffs have not yet calculated the total amount unpaid to Thomas. *Id.* ¶ 28. Plaintiffs represent that this incident impacted 11,000 FAA air traffic controllers. *Id.* ¶ 29.

In their prayer for relief, Plaintiffs seek: (1) a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs and the class were wrongfully and willfully denied payment of wages owed under the FLSA; (2) liquidated damages under the FLSA; (3) interest under the Back Pay Act; (4) reasonable attorneys' fees and costs under the FLSA, Back Pay Act, and the Equal Access to Justice Act; and (5) a Court order requiring the Government to produce information or papers establishing its liability pursuant to 28 U.S.C. § 2507. Am. Compl. at 8. On November 21, 2023, the Government filed the instant Motion for Judgment on the Pleadings, arguing that Plaintiffs fail to state a claim upon which relief may be granted because the payments were only delayed, not unpaid, which is not a per se violation of the FLSA. Mot. at 4-7.

## LEGAL STANDARD

Court of Federal Claims Rule 12(c) permits parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." When considering a motion for judgment on the pleadings pursuant to Rule 12(c), "the court applies substantially the same test as it does for a motion to dismiss for failure to state a claim under [Court of Federal Claims Rule] 12(b)(6)."[3] *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 719 (2015) (citing *Zhang v. United States*, 640 F. 3d 1358, 1364 (Fed. Cir. 2011)); *see also Peterson v. United States*, 68 Fed. Cl. 773, 776 (2005) ("The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss."). As such, a defendant's motion for judgment on the pleadings pursuant to Rule 12(c) will only be granted if the facts asserted do not entitle the plaintiff to a legal remedy. *See Steffen v. United States*, 995 F.3d 1377, 1379 (Fed. Cir. 2021) (stating standard for motions to dismiss). When considering a motion for judgment on the pleadings, the Court must "presume that the facts alleged by the plaintiffs are true, and [] draw all reasonable inferences in the plaintiffs' favor." *Zhang*, 640 F.3d at 1364. To entitle

---

[3] Court of Federal Claims Rule 12(b)(6) is the same as Federal Rule of Civil Procedure 12(b)(6). *Compare* RCFC 12(b)(6) *with* Fed. R. Civ. P. 12(b)(6).

a plaintiff to a legal remedy, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2007). A complaint that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Section 206(a) of the FLSA mandates that employers, including the Government, pay their employees a minimum wage for work completed. 29 U.S.C. § 206(a); *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014) (explaining that the FLSA was amended to apply to Government employees). Section 207 of the FLSA generally establishes compensation at one-and-a-half times an employee's regular wage if employees work more than forty hours in a work week. 29 U.S.C. § 207. Any employer who violates the provisions of Section 206 or Section 207 shall be liable to the employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, in addition to liquidated damages. 29 U.S.C. § 216(b). While FLSA does not have an explicit timeliness requirement for paying employees, the Supreme Court has read an implicit one into the statute because "failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers.'" *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (quoting Section 202(a) of the FLSA, 29 U.S.C § 202(a)).

In the instant case, simply put, Plaintiffs have alleged in their pleadings that "no [] justification exists" for the for the FAA's late payments to Plaintiffs and the Government has cited no such justification in its own briefings. Am. Compl. ¶ 32; Mot.; Reply. The Government's motion inappropriately attempts to shift the burden onto Plaintiffs to explain, in the first instance, why the Government's rationale for late payment is unjustified. Construing the facts pleaded in the Complaint as true, and making all inferences in a light most favorable to Plaintiffs, the Court finds Plaintiffs have pled a short and plain statement alleging facts that would entitle them to relief under the FLSA. *See Twombly*, 550 U.S. at 545, 555; *Zhang*, 640 F.3d at 1364.

The Government's justification for dismissing the case is a very broad reading of the exceptions to the general rule under the FLSA that employers must timely pay employees. The parties do not dispute that the FLSA has a timeliness requirement which requires employers to ordinarily "pay wages by 'the employee's regular payday.'" *Avalos v. United States*, 54 F.4th 1343, 1349 (Fed. Cir. 2022); Mot. at 4; Resp. at 2. The Government maintains that payments made after a regular pay day can still be timely under the FLSA so long as they are made "as soon as convenient or practicable under the circumstances." Mot. at 4-5. As such, the Government argues that Plaintiffs have pled an unsupported legal conclusion that the delayed payments were unpaid, and thus have failed to state a claim sufficient to survive a motion for judgment on the pleadings. *Id.* at 5.

4

In support of its conclusion, the Government cites two cases: *Walling v. Harnischfeger Corporation* and *Avalos v. United States*. Mot. at 4-5. In *Walling*, the Supreme Court held "[i]f the correct overtime compensation cannot be determined until some time after the regular pay period the employer is not thereby excused from making the proper computation and payment. [The FLSA] requires only that the employees [are paid] as soon as convenient or practicable under the circumstances." *Walling v. Harnischfeger Corp. v. United States,* 325 U.S. 427, 432-33 (1945). The Government cites this language to assert that payment need not be paid on the employee's regular pay date, but rather, only as soon as convenient or practicable for the employer. Mot. at 4-5.

The Court disagrees with the Government's interpretation of *Walling*. Contrary to the Government's characterization, *Walling* does not afford employers broad discretion to delay payment, but instead creates a narrow exception for situations in which the circumstances of payment necessitate some leeway. *Walling* stands for the conclusion that wages must be paid on time absent an impossibility of doing so, such as the inability to calculate wages before the regular pay day, *see Walling*, 325 U.S. at 432-33, as the Federal Circuit explained in *Avalos,* 54 F. 4th 1343, 1349 (finding "the FLSA's timely payment obligation considers the circumstances of payment and that, as a matter of law, the government does not violate this obligation when it complies with the Anti-Deficiency Act by withholding payment during a lapse in appropriations"). Collectively, *Walling* and *Avalos* indicate that delayed payment is a violation of the FLSA absent extraordinary or extenuating circumstances. The Government's position would contradict the rationale of the timeliness requirement articulated by the Supreme Court—to prevent the hardship exacted by employers delaying their employees' wages. *See Brooklyn Sav. Bank,* 324 U.S. at 707.

It is not necessary at this juncture for Plaintiffs to disprove any extenuating circumstances because the general rule is that late payments violate the FLSA. *Avalos*, 54 F.4th at 1349. Indeed, the Court is not aware of any caselaw suggesting that Plaintiffs must affirmatively plead the absence of extenuating circumstances. This is presumably because the Government, not its employees, is in the best position to determine why payment was delayed. The appropriate question for the Court at this point in the litigation is whether Plaintiffs have stated a claim upon which relief may be granted. The answer is yes. Plaintiffs, who are employed by the FAA, allege multiple incidents where the FAA delayed payment beyond their employees' regular pay dates. Am. Compl. ¶ 15-30. They state that no government shutdown caused the delay, but instead delayed payments resulted from "preventable failures of the agency to fulfill its obligations." *Id.* ¶ 2. Assuming the facts pled by Plaintiffs are true, the FAA violated the FLSA's implicit timely payment obligation. *Avalos*, 54 F.4th at 1349. To the extent an exception excusing delayed payment applies, a determination of such is a factual issue that cannot be resolved at the pleadings stage. Therefore, Plaintiffs' pleading is sufficient to survive the Government's Motion for Judgment on the Pleadings.

## CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge